FORGE SQUARE ASSOCIATES LIMITED PARTNERSHIP *v.* CONSTRUCTION SERVICES OF BRISTOL, INC., ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 703425
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed January 14, 1993

*Pepe & Hazard,* for the plaintiff.

*Garcia & Berglass,* for the named defendant.

*Michelson, Kane, Royster & Barger,* for the defendant Seaboard Surety Company.

R. WALSH, J. The plaintiff, Forge Square Associates Limited Partnership, filed an application to vacate an arbitration award, pursuant to General Statutes § 52-418 (a) (4). The named defendant, Construction Services of Bristol, Inc. (CSB), filed a motion to confirm the arbitration award and an objection to the application to vacate. The defendant, Seaboard Surety Company, joined in the arbitration, and agreed to be bound by it.

On June 30, 1992, the arbitrators awarded CSB $617,740 plus interest on its claim, and awarded the plaintiff $278,069 plus interest on its counterclaim.

The plaintiff claims that its motion to vacate the award "is predicated solely upon the fact that the arbitrators refused to enforce the parties' contract by deferring to the architect's certification that grounds existed for the termination of CSB as the general contractor of the construction project in question. In so doing, the arbitrators demonstrated a manifest disregard for the law and so exceeded their powers or so imperfectly executed them that a mutual, final and definite award was not made."

The defendant,[1] in addition to other claims, argues that the panel, under the contract and applicable state law, does not have to defer to the architect's decision on termination, and that the panel's decision, not the architect's, is final.

The defendant also claims that the arbitrators acted within the scope of their authority, as provided by contract and statute, and that the award was consistent with the submission, and, therefore, that the award should be confirmed.

Among the many issues that arose during the hearing were the following: (1) Under the contract between the parties, is only the architect's decision on matters of artistic merit final, and are all his other decisions reviewable de novo by the arbitrators? (2) Can the arbitrators reject the architect's termination certificate absent a finding of arbitrariness, bad faith, fraud or gross misconduct? (3) Was the architect's purported certificate a legally sufficient and proper certificate? (4) Was the purported certificate issued in good faith, or was it issued by the architect only because the owner asked him for it? (5) Did the plaintiff waive any right it may have had to terminate the defendant? (6) Was the plaintiff in breach of the contract, thereby depriving it of the right to terminate?

The written decision of the arbitrators was issued on June 30, 1992. The rationale for their decision is not stated, but the decision does state that "having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated October 11, 1985, and subsequent modifications, and having been duly sworn and having duly heard the proofs and allegations of the parties, [the arbitrators] AWARD as follows:" The arbitrators then stated their award.

---

[1] Hereinafter, the named defendant and the defendant Seaboard Surety Company are collectively referred to as "the defendant."

The court concludes that the award in the present case arises out of an unrestricted submission. Section 52-418 (a) (4), which the plaintiff relies upon, however, provides that an award shall be vacated "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Generally the court compares the award to the submission to determine whether the arbitrators have exceeded their powers. Our Supreme Court, however, has recently held that "an award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418 (a) (4) because the arbitrator has 'exceeded [his] powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.' " *Garrity* v. *McCaskey,* 223 Conn. 1, 10, 612 A.2d 742 (1992).

The plaintiff argues that the basis for the arbitrators' award is clearly, although by implication, that the architect's termination was improper, and that such a conclusion by the arbitrators is a manifest disregard of the law under § 52-418 (a) (4). The plaintiff asserts that the architect's decision, under state law, is final and binding absent bad faith, fraud or gross misconduct by the architect, and that there was no suggestion of bad faith or fraud or gross misconduct on the part of the architect. The defendant disagreed and so argued to the panel.

The court notes that *Garrity* v. *McCaskey,* supra, 223 Conn. 10, states: "We emphasize, however, that the 'manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." *Garrity* also states that "we do not review an arbitrator's decision merely for errors of law, in the present case we do not decide

the merits of the defendant's argument . . . such a misconstruction of the law would not demonstrate the arbitrators' egregious or patently irrational rejection of clearly controlling legal principles." Id., 11–12.

The court finds that although it does not know the reason for the decision of the arbitrators, the record in the present case indicates many possible bases for that decision. The arbitrators may have concluded that the architect's decision to terminate the defendant was not final and binding on them, even if there was no showing of arbitrariness, bad faith, fraud or gross misconduct, and that they, therefore, could conclude that the termination was improper. Or, the arbitrators could have determined that the architect's certificate was issued arbitrarily and, therefore, subject to rejection. They could have decided that the plaintiff waived its right to terminate the defendant, or that the plaintiff's right to terminate was barred because the plaintiff itself was in breach of the contract.

In order to prevail on this application to vacate, the plaintiff must demonstrate that the award reflects an egregious or patently irrational rejection of clearly controlling legal principles.

The record in this case shows that there was vigorous dispute over such vital issues as the facts, interpretation of the contract between the parties, interpretation of state law, and the applicability of that law to the facts of the present case.

There was an exhaustive presentation of evidence, which consumed approximately fifty-one trial days, 619 exhibits, approximately 9000 pages of transcript, four hours of oral argument, a visit to the site by the panel and counsel, voluminous briefs, a separate question and answer session called by the panel after submission of the briefs, so the panel could ask questions raised by the briefs, with a two week period thereafter for reply

briefs. All pertinent issues were presented to the panel orally and in briefs; the court is very much aware that both sides left no stone unturned in their advocacy for their respective clients. Every argument presented to this court on the application to vacate and on the motion to confirm the arbitration award was emphatically asserted to the panel. There were grey areas in those issues faced by the panel. The panel had the opportunity to evaluate the credibility of the witnesses after observing their demeanor and the way they responded to questions posed to them on direct examination and on cross-examination.

The court does not know, nor does it need to know, the precise reason or combination of reasons for the award. The court does know that in order for the award to be vacated, the plaintiff must demonstrate that the award reflects not only a rejection of clearly controlling legal principles, but also that such a rejection is egregious or patently irrational. In conformity to *Garrity* v. *McCaskey,* supra, 223 Conn. 11, this court will not review the award merely for errors of law.

After review of the briefs and memoranda of law, including pertinent portions of the record, the court finds that the award conforms to the submission and that the plaintiff has not demonstrated that the award reflects an egregious or patently irrational rejection of clearly controlling legal principles.

The court finds also that, contrary to the plaintiff's claim, the decision of the arbitrators does not "border on the irrational" and jeopardize "the legitimacy of the arbitration process."

The award is confirmed.